Although the majority opinion is sound analytically, I must respectfully dissent from the decision that the corporate tax imposed in this case is an income tax under the Florida tax statutes, specifically Fla. Stat. Tit. XIII, § 220.02 (1) (1983), as set forth in detail above. The majority opinion omits part of that same statute, namely, Fla.Stat. Tit. XIII, § 220.02 (2) (1983), which is as follows and to me dispositive of this case:
 "(2) It is the intent of the legislature that the tax levied by this Code shall be construed to be an excise or privilege tax measured by net income, and that said tax shall not be deemed or construed to be a property tax or a tax on property or a tax measured by the value of property for any purpose."
(Emphasis added.)
Because the statutory language omitted from the majority opinion clearly states that the Florida legislature intended the tax to be construed as a privilege tax rather than an income tax, it is not for this court to determine that the Florida legislature intended otherwise. We must give effect to the expressed legislative intent or the plain language of the statute. 2A Sutherland Stat. Const. § 46.03 (N.J. Singer ed. 1984). Furthermore, under the doctrine of comity, we must give due regard to *Page 625 
the laws of our sister state of Florida. 2 Sutherland Stat. Const. § 36.09 (C.D. Sands ed. 1973); see, e.g., Bond v. Hume,243 U.S. 15, 21, 37 S.Ct. 366, 368, 61 L.Ed. 565 (1917).
I would therefore hold that the tax imposed in this case is not an income tax but a privilege tax. Consequently the tax is not subject to the tax credit provision, Ala. Code (1975), §40-18-21, and I would affirm the decision of the trial court.